UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David J. Washington, | ) C/A No. 4:09-2745-RBH-TER |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Louis Harrelson;<br>Richard's Tire;<br>Chief Kenny Davis and<br>Honorable Joe Cox, | ) |
| Defendants. | ) |

*Background of this Case*

The plaintiff is a resident of Mullins, South Carolina. This civil rights action arises out of the purchase of four tires by the plaintiff in late 2008 or early 2009. *See* Entry No. 14-1, at page 9. On June 22, 2009, the plaintiff returned to the tire company and sought replacement of tires that had shown "side wear." The tire company refused to give him new tires because the plaintiff had failed to rotate his tires. This refusal apparently prompted the plaintiff to call the Mullins Police Department, which refused to file criminal charges. Hence, the plaintiff has brought suit against the tire company, an employee of the tire company, a police chief, and municipal court judge.[1]

---

[1]Although the plaintiff refers to defendant Cox as the "Honorable Joe Cox," Joe Cox is listed as a private attorney by the South Carolina Bar. *See 2009-2010 South Carolina Bar Lawyers Desk Book*, at page 138. Joe Cox does not appear on the list of Marion County magistrates on page 539
(continued...)

1

In an order filed in this case on October 23, 2009, the undersigned directed the plaintiff to bring this case into "proper form" by submitting an amended complaint, a motion to proceed *in forma pauperis*, Answers to Special Interrogatories, Answers to Rule 26.01 Interrogatories, summonses, and Forms USM-285. The plaintiff has done so. Hence, the above-captioned case is now "in proper form." To preserve issues raised in this case and give liberal construction to the pleadings, the original complaint (Entry No. 1) is incorporated into the amended complaint (Entry No. 14).

In his prayer for relief in the amended complaint, the plaintiff seeks three million dollars from Louis Harrelson and Richard Tires for breach of trust, three million for Chief Kenny Davis for "cover-up," and three million dollars from Judge Cox because he gave a false statement. The Plaintiff's Answers to Court's Special Interrogatories indicate that the plaintiff has not brought suit against the defendants in the Magistrate Court for Marion County or in the Court of Common Pleas for Marion County (Entry No. 15).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[2] has been conducted in light of the following precedents: *Denton*

---

(...continued)
of the *2009-2010 South Carolina Bar Lawyers Desk Book*. The South Carolina Judicial Department website (www.judicial.state.sc.us), however, reveals that Joe Cox is a municipal judge for the Town of Mullins.

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nevertheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the amended complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional

4

basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

Richard's Tire and Louis Harrelson[4] are subject to summary dismissal because they have not acted under color of state law nor has Plaintiff even alleged as much. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

---

[4]The plaintiff's Answers to Court's Special Interrogatories (Entry No. 15) reveal that Louis Harrelson, an assistant manager, is the son of the owner of Richard Tires.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[5]

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). *See also Auster Oil & Gas*

---

[5]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

*Co., Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202 (3rd Cir. 2000) (applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).

Breach of contract, breach of contract accompanied by fraudulent act, negligence, fraud, and unfair trade practices are causes of action under South Carolina law. *See Johnson v. Key Equipment Finance*, 367 S.C. 665, 627 S.E.2d 740 (2006); *Slack v. James*, 364 S.C. 609, 614 S.E.2d 636 (2005); *Huggins v. Citibank, N.A.*, 355 S.C. 329, 585 S.E.2d 275 (2003); *McCarter v. Willis*, 299 S.C. 198, 383 S.E.2d 252, 253-54 (S.C.Ct.App. 1989); *Player v. Chandler*, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); *Edens v. Laurel Hill, Inc.*, 271 S.C. 360, 247 S.E.2d 434, 435-36 (1978); *Hughes v. Edwards*, 265 S.C. 529, 220 S.E.2d 231, 234 (1975); and *Stein v. Xepapas*, 204 S.C. 239, 246, 29 S.E.2d 257, 259 (1944). The tort of "outrage"[6] is actionable under South Carolina law. *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress").

---

[6]The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).

A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS 30080, 1993 WL 478836 (4th Cir., Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

Complete diversity of parties is absent in this case because the plaintiff and at all of the defendants are citizens of South Carolina. *See* Amended Complaint (Entry No. 14), at page 2; 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).[7] Hence, this federal court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Two defendants — Chief Kenny Davis and the Honorable Joe Cox — have acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Nonetheless, both Chief Davis and Judge

---

[7]New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those provisions are not applicable in the case *sub judice*.

Cox are entitled to summary dismissal. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[8]

The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992). County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Hall*, 381 S.C. 378, 673 S.E.2d 429 (2009) (imposing public reprimand upon former Municipal Court Judge and directing that he "shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior written authorization of this Court after due service on the Office of Disciplinary Counsel of any petition seeking the Court's authorization); *In the Matter of Stephens*, 375 S.C. 140, 650 S.E.2d 849 (2007); *In the Matter of Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004) (removing county magistrate from office); *In the Matter of Wilder*, 335 S.C. 339,

---

[8]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

9

516 S.E.2d 927 (1999) (imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court").

Judge Cox is immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

The plaintiff's claims against Chief Davis and Judge Cox also fail because the plaintiff does not have standing to seek criminal charges. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La.

1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

*Recommendation*

Based upon the pleadings and the filings of the Plaintiff, jurisdiction of his state law claims lies in state court and this court lacks jurisdiction over such claims. Plaintiff's federal claims are without merit as discussed above. Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice*. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

December 10, 2009  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).