IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| David Washington, | ) | Civil Action No.: 4:09-cv-02745-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Louis Harrelson, Richard's Tire, Chief Kenny Davis, Honorable Joe Cox, | ) | |
| Defendants. | ) | |

This matter is now before the court with the [Docket Entry 21] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III[1] filed on December 10, 2009.

Plaintiff, proceeding *pro se*, is a resident of Mullins, South Carolina. This civil rights action arises out of the purchase of four tires by Plaintiff in late 2008 or early 2009. On June 22, 2009, Plaintiff returned to the tire company and sought replacement tires. The tire company refused to replace Plaintiff's tires because Plaintiff had failed to rotate his tires. After the company's refusal, Plaintiff called the Mullins Police Department, which refused to file criminal charges. In his complaint,[2] Plaintiff brings suit against the tire company, an employee of the tire company, a police chief, and a municipal court judge. Plaintiff seeks over $9,000,000.00 in damages for what he calls breach of contract, breach of trust, discrimination, and cover-up.

---

[1] This matter was referred to Magistrate Judge Rogers for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.).

[2] To preserve issues raised in this case and give liberal construction to the pleadings, the [Docket Entry 1] original complaint is incorporated into the [Docket Entry 14] amended complaint.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory comm's. notes).

## Discussion

The Magistrate Judge filed his Report and Recommendation on December 10, 2009. In the Report, the Magistrate Judge recommended that the court should dismiss the above-captioned case without prejudice. Report [Docket Entry 21] at 11. Thereafter, Plaintiff filed

what is docketed as [Docket Entry 22] Objections to the Report and Recommendation. However, upon review of that one-page document, it appears to the court that it does not contain any objections to the Magistrate Judge's Report.[3] The closest that Plaintiff comes to objecting to the Report in his letter is when he states, "I am not satisfied with the outcome of Magistrate Thomas Rogers III's decision." Obj. [Docket Entry 22]. Moreover, inasmuch as the letter can be construed as objections, they are non-specific and conclusory thereby waiving Plaintiff's right to *de novo* review by this court.[4] *Orpiano*, 687 F.2d at 47.

Nevertheless, the court has reviewed the Report, objections, pleadings, and applicable law. After such review, the court finds itself in agreement with the Magistrate Judge's findings.

## Conclusion

For the reasons stated above and by the Magistrate Judge, this court overrules all of Plaintiff's objections and hereby adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Plaintiff's case is hereby **DISMISSED** *without prejudice*.

---

[3] Rather, the document filed by Plaintiff appears to improperly seek a "motion for a judgment" and an appeal. Obj. [Docket Entry 22]. Inasmuch as Plaintiff makes a "motion for a judgment," the motion is without merit and is denied. Plaintiff sets forth no arguments in support of such a motion, but rather simply states that he "wish[es]" to file the motion. Moreover, because an order or judgment had not yet been entered in this case at the time of Plaintiff's objections, Plaintiff can not properly seek an appeal at this stage. *See* Fed. R. App. P. 4(a) (stating "the notice of appeal . . . must be filed . . . within 30 days *after the judgment or order appealed from is entered*").

[4] In adopting the Magistrate Judge's Report and Recommendation, the court initially finds that there is no clear on the face of the record. *Diamond*, 416 F.3d at 315.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

January 4, 2010
Florence, South Carolina